UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

NEWPORT NEWS SHIPBUILDING AND
DRY DOCK COMPANY,
                         *Petitioner,*

                v.

BOBBIE G. GILLUS; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
                         *Respondents.*

No. 03-1989

On Petition for Review of an Order
of the Benefits Review Board.
(02-637)

Submitted: December 17, 2003

Decided: January 5, 2004

Before WILKINSON and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin M. Mason, MASON, MASON, WALKER & HEDRICK,
P.C., Newport News, Virginia, for Petitioner. Gregory E. Camden,
MONTAGNA, BREIT, KLEIN & CAMDEN, L.L.P., Norfolk, Vir-
ginia, for Respondents.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Newport News Shipbuilding and Dry Dock (NNS) appeals the decision of the Benefits Review Board (Board) affirming the United States Department of Labor's administrative law judge's (ALJ) award of de minimis and temporary total disability benefits to Bobbie G. Gillus.

We review the Board's decisions for errors of law and to ascertain whether the Board adhered to its statutorily mandated standard for reviewing the ALJ's factual findings. *Gilchrist v. Newport News Shipbuilding & Dry Dock Co.*, 135 F.3d 915, 918 (4th Cir. 1998). The factual findings of the ALJ must be affirmed if supported by substantial evidence. 33 U.S.C. § 921(b)(3) (2000). Review of legal questions is de novo, and no deference is due to the Board's legal conclusions. *Gilchrist*, 135 F.3d at 918.

An employee covered by the Longshore and Harbor Workers Compensation Act (LHWCA), 33 U.S.C. §§ 901-950 (2000), is entitled to compensation for a disability resulting from a work-related injury sustained on the navigable waters of the United States. *See* 33 U.S.C. § 903(a) (2000). "Disability," the Supreme Court has held, "is a measure of earning capacity lost as a result of work-related injury." *Metro. Stevedore Co. v. Rambo ("Rambo II")*, 521 U.S. 121, 127 (1997). Compensation is authorized not for the physical injury itself but for the economic harm arising out of the worker's diminished wage-earning capacity. *See id.* The character of the disability determines the method of compensation. *Potomac Elec. Power Co. v. Director, Office of Workers' Compensation Programs*, 449 U.S. 268, 272 (1980). For permanent partial injuries to specific body parts covered by § 908(c)(1)-(20) of the Act ("the schedule"), awards are calculated based on the schedule formula pertaining to the particular injury, without regard to the economic effects of the injury. *Gilchrist*,

135 F.3d at 918. However, "a worker is entitled to nominal compensation when [her] work-related injury has not diminished [her] present wage-earning capacity under current circumstances, but there is a significant potential that the injury will cause diminished capacity under future conditions." *Rambo II*, 521 U.S. at 138.

The LHWCA provides that a prior award of compensation may be modified "on the ground of a change in conditions or because of a mistake in a determination of fact." 33 U.S.C. § 922 (2000). The review process may commence by application of any interested party. *See id.* An application for modification must be made within one year from the date of any denial or termination of benefits. *See id.*; *Rambo II*, 521 U.S. at 129. "While a claimant's application for modification need not meet any particular form, there must be some basis for a reasonable person to conclude that a modification request has been made." *I.T.O. Corp. v. Pettus*, 73 F.3d 523, 527 (4th Cir. 1996). Section "922's requirement that review commence within one year is not automatically fulfilled by just any communication from the claimant." *Id.* Rather, the communication must show an intent to seek compensation for a "particular loss." *Id.*

The Board did not err when it affirmed the ALJ's award of de minimis benefits to Gillus. Section 908(c) applies only to permanent partial disabilities. Gillus has never been found to have a permanent partial disability. Gillus's previous awards were for temporary total disability. NNS does not contest the Board's conclusion that Gillus's injury is a temporary partial disability under 33 U.S.C. § 908(e). A claimant's future earning capacity may be considered when issuing an award under § 908(e). *See* 33 U.S.C. § 908(h). Furthermore, NNS waived its objection that it did not have notice of Gillus's de minimis claim by not raising this issue in its motion for reconsideration before the ALJ.

Second, because Gillus's claim for de minimis benefits was pending when she filed her temporary total disability claim, Gillus's second claim was timely. The Board therefore did not err when it affirmed the ALJ's compensation award for Gillus's additional days of temporary total disability.

Accordingly, we affirm the decision of the Benefits Review Board. We dispense with oral argument because the facts and legal conten-

tions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*